```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Ronald Bourdon</u>

    **v.**                              Civil No. 15-cv-138-LM

<u>Michelle Goings, Warden, Northern</u>
<u>New Hampshire Correctional Facility</u>

### <u>REPORT AND RECOMMENDATION</u>

Ronald Bourdon has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is Bourdon's motion, seeking release on bail or personal recognizance while the § 2254 petition remains pending (doc. no. 10).

The federal courts have inherent power to admit a § 2254 petitioner to bail. That power may only be used sparingly, as the state has a "substantial interest in executing its judgment," and the presumption of innocence faded with the conviction. <u>Glynn v. Donnelly</u>, 470 F.2d 95, 98 (1st Cir. 1972).

A showing of exceptional circumstances is generally required before the federal court may release a state inmate on bail while a § 2254 petition is pending. <u>Pelletier v. Rhode Island</u>, No. CIV.A. 07-186 S, 2008 U.S. Dist. LEXIS 58201 at *5, 2008 WL 2977790 at *2 (D.R.I. July 18, 2008) (citing <u>Glynn</u>, 470 F.2d at 98), <u>R&R adopted</u>, No. C.A. 07-186S, 2008 U.S. Dist.

LEXIS 64235, 2008 WL 3887623 (D.R.I. Aug. 19, 2008); Bader v. Coplan, No. 02-cv-508-JD, 2003 DNH 15, 2003 U.S. Dist. LEXIS 875 at *12 (D.N.H. Jan. 23, 2003).  In the absence of exceptional circumstances, "the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, but a clear, and readily evident, case on the facts."  Glynn, 470 F.2d at 98 (citation and footnote omitted).

    Bourdon's case has been stayed to allow Bourdon an opportunity to exhaust his state remedies.  Although Bourdon has asserted that all pending state proceedings have ended, and he requested that the stay be lifted in December 2015 when he filed the instant motion for bail, this court has concluded that it requires additional documentation to determine whether Bourdon completely exhausted his remedies.  Where the record does not show conclusively that all of Bourdon's state remedies have been exhausted, Bourdon may not be released on bail at this time. See Eaton v. Holbrook, 671 F.2d 670, 673 (1st Cir. 1982).

    Assuming, without deciding, Bourdon could demonstrate that his state remedies are exhausted, and that he has raised substantial questions of constitutional error in the state court proceedings, he has not shown that that there are extraordinary circumstances in his case warranting bail.  Bourdon's sentence is lengthy, and much of it remains to be served.  Bourdon argues

that but for trial counsel's errors, the jury would have found that he lacked the mens rea necessary for an attempted murder conviction, and that but for post-conviction counsel's errors, Bourdon's motion for a new trial would have succeeded. Bourdon has not made the kind of showing of factual innocence here that could be characterized as "clear, and readily evident." Glynn, 470 F.2d at 98. Accordingly, the district judge should deny Bourdon's motion for bail (doc. no. 10).

## Conclusion

For the foregoing reasons, the district judge should deny Bourdon's motion for bail while the § 2254 petition is pending (doc. no. 10). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 8, 2016

cc: Ronald Bourdon, pro se