```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ronald Bourdon

    v.                                    Civil No. 15-cv-138-LM

Michelle Goings, Warden, Northern
New Hampshire Correctional Facility

## REPORT AND RECOMMENDATION

Ronald Bourdon has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition includes a claim which this court has identified as Claim 13, asserting a Sixth Amendment violation based on the alleged ineffectiveness of counsel appointed to represent Bourdon in a motion for a new trial in Superior Court. Before this court is respondent's motion to dismiss Claim 13 (Doc. No. 18).

## Procedural History

In September 2012, a jury in Hillsborough County Superior Court South ("HCSCS"), convicted Bourdon of attempted murder, first degree assault, criminal restraint, criminal threatening, and simple assault, in connection with a stabbing incident in which two minors were injured. Bourdon filed a notice of mandatory appeal in the New Hampshire Supreme Court ("NHSC"),

and then filed a pro se motion for a new trial in the HCSCS, asserting claims of ineffective assistance of trial counsel. The NHSC stayed Bourdon's direct appeal pending resolution of the motion for a new trial.  The HCSCS appointed Attorney Theodore Barnes to represent Bourdon in the motion for new trial proceeding, and Attorney Barnes filed an amended motion for a new trial on Bourdon's behalf.  The HCSCS denied that motion on July 16, 2014, and then denied Bourdon's motion for reconsideration on August 20, 2014.  See State v. Bourdon, No. 226-2011-cr-00458 (N.H. Super. Ct., Hillsborough Cty. S. Aug. 20, 2014) (Doc. No. 14-3).  The NHSC declined to accept a discretionary appeal of the order denying the motion for a new trial.  See State v. Bourdon, No. 2014-0608 (N.H. Oct. 24, 2014).  Bourdon then moved to reopen the motion for new trial proceeding in the HCSCS, asserting a claim that Attorney Barnes had provided ineffective assistance of post-conviction counsel. The HCSCS denied that motion, "for reasons stated in the State's objection." Bourdon, No. 226-2011-cr-00458 (N.H. Super. Ct., Hillsborough Cty. S. Apr. 22, 2015).  The NHSC declined to accept a discretionary appeal of that order.  See State v. Bourdon, No. 2015-0320 (N.H. July 10, 2015).  The NHSC then lifted the stay in Bourdon's direct appeal and affirmed his conviction.  See State v. Bourdon, No. 2013-0031, 2015 WL 11181919, at *1, 2015 N.H. LEXIS 104, at *1 (N.H. Aug. 28, 2015)

(affirming conviction).

Bourdon litigated additional post-conviction proceedings in the state courts. Bourdon filed a state habeas petition in Coos County Superior Court ("CCSC"), in which he asserted that Attorney Barnes's performance in litigating the motion for a new trial violated his right to the effective assistance of counsel. The CCSC ruled against petitioner and denied the state habeas petition. See Bourdon v. Goings, No. 214-2015-cv-00056 (N.H. Super. Ct., Coos Cty. Aug. 17, 2015). The NHSC declined to accept a discretionary appeal of that order. See Bourdon v. Warden, No. 2015-0551 (N.H. Oct. 26, 2015).

In the § 2254 petition filed in this court, Bourdon asserts a claim, identified by this court as Claim 13, alleging that Attorney Barnes provided ineffective assistance of counsel while representing him on the new trial motion, violating Bourdon's Sixth Amendment right to the effective assistance of counsel. See May 13, 2016 Order (Doc. No. 16). This court directed the Warden to respond to the petition. The Warden has moved to dismiss Claim 13, and has moved for summary judgment on the remaining claims. The motion to dismiss is addressed here.

## Discussion

In the motion to dismiss Claim 13 (Doc. No. 18), respondent contends that Bourdon had no Sixth Amendment right to counsel as

3

to his motion for a new trial, and that Claim 13 falls within the scope of claims precluded by 28 U.S.C. § 2254(i).  To support those arguments, respondent relies on the text of § 2254(i), and cites cases including Coleman v. Thompson, 501 U.S. 722, 752 (1991), and Pennsylvania v. Finley, 481 U.S. 551 (1987).  Bourdon argues that the cited cases are distinguishable, and that section 2254(i) does not apply because Bourdon's direct appeal was stayed during the pendency of the motion for a new trial, which, he argues, rendered that motion a "post-trial" motion, but not a "post-conviction" motion.

Section 2254(i) provides, in pertinent part, that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  That statute appears applicable here.  Attorney Barnes was appointed to represent Bourdon in a state proceeding, challenging the underlying conviction, initiated after a jury convicted Bourdon.

Bourdon's motion for a new trial is properly characterized as a "post-conviction" proceeding that is "collateral" in nature, for purposes of § 2254(i).  The Supreme Court has construed a similar term -- an application for "post-conviction" or other "collateral review" -- in a related statute (28 U.S.C. § 2244(d)(2)), in a broad manner that would cover proceedings

4

like the new trial motion in Bourdon's case, which have occurred outside of the direct appeal of the conviction.  See Wall v. Kholi, 562 U.S. 545, 553 (2011) ("'collateral review'" of a judgment or claim, for purposes of 28 U.S.C. § 2244(d)(2), means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process).  The NHSC has deemed a motion for a new trial under state law to be a post-conviction proceeding that is collateral to the direct appeal of a conviction.  See State v. Grande, 168 N.H. 487, 491-92, 131 A.3d 399, 402-03 (2016) (defendant who litigated ineffective assistance of trial counsel claim in "post-conviction" motion for new trial filed during pendency of direct appeal of conviction, was collaterally estopped from obtaining further review of that claim within direct appeal, where defendant did not separately appeal Superior Court order denying motion for new trial).  The NHSC rules characterize appeals from "motions for new trial" generally as "post conviction review proceedings," and require that appeals from adverse orders in those proceedings be filed as discretionary appeals.  See N.H. Sup. Ct. R. 3.  Therefore, Bourdon's claim challenging the performance of Attorney Barnes on a motion for a new trial litigated during a stay in Bourdon's direct appeal is the type of claim encompassed within the scope of the plain language of § 2254(i).

5

Martinez v. Ryan, 132 S. Ct. 1309 (2012), includes a comment regarding the scope of § 2254(i) that is consistent with this court's finding that the statute bars Bourdon from obtaining any relief on the merits of a stand-alone claim of ineffective assistance of counsel appointed to represent petitioner in a motion for a new trial.  The Court in Martinez distinguished stand-alone claims for relief in petitions filed under 28 U.S.C. § 2254, from claims of ineffective assistance of post-conviction counsel that may avoid a procedural default of other claims for relief.  The Court held that a showing of ineffective assistance of post-conviction counsel in state collateral proceedings may establish cause for a procedural default of a claim of ineffective assistance of trial counsel.  Id. at 1320.  In doing so, the Court stated that although "§ 2254(i) precludes [petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [petitioner] from using it to establish 'cause'" to excuse a procedural default.  Martinez, 132 S. Ct. at 1320.  That Court's willingness to ascribe such a broad scope to § 2254(i), encompassing claims of ineffective assistance of counsel in the type of post-conviction proceeding at issue in Martinez, is consistent with this court finding Claim 13 to be precluded as a ground for relief in this case.

There is a footnote in a recent First Circuit case that

6

provides grounds for concluding that certain claims of ineffective assistance of post-conviction counsel, not presented here, could be outside of the scope of § 2254(i). The court in Lee v. Corsini, 777 F.3d 46 (1st Cir. 2015), concluded that § 2254(i) provided grounds for denying relief on the stand-alone claim of ineffective assistance of post-conviction counsel in that case, after specifically noting that the post-conviction proceeding in that case had not been consolidated into the direct appeal and had occurred after the completion of the direct appeal. Id. at 21-22 & n.6. The First Circuit in that case suggested that if appellate review of the post-conviction proceeding had been consolidated with the direct appeal of the petitioner's conviction, the proceeding could not properly be deemed "collateral." Id. at 21 n.6. Here, the NHDC did not consolidate the pertinent appeals in Bourdon's case, and nothing in the record suggests that the motion for a new trial in Bourdon's case was part of the direct appeal of Bourdon's conviction.

In the absence of pertinent authority limiting the scope of § 2254(i), or otherwise calling the validity of that statute into question as applied to Claim 13, the district judge should conclude that § 2254(i) bars petitioner from obtaining relief on that claim. Respondent's motion to dismiss Claim 13 (Doc. No. 18) should be granted.

7

**Conclusion**

For the foregoing reasons, the district judge should deny the petition, in part, to the extent it seeks relief based on Claim 13, and respondent's motion to dismiss that claim (Doc. No. 18) should be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

November 30, 2016

cc: Ronald Bourdon, pro se
　　Elizabeth C. Woodcock, Esq.