UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ronald Bourdon

   v.                                               Civil No. 15-cv-138-LM

Michelle Goings, Warden,
Northern New Hampshire
Correctional Facility

### REPORT AND RECOMMENDATION

Ronald Bourdon has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion for summary judgment (Doc. No. 25), and petitioner's "Cross Motion for Summary Judgment and Petitioner's Memorandum of Law in Opposition to Respondent's Motion for Summary Judgment" (Doc. No. 31). Both parties' summary judgment motions have been referred to this magistrate judge for a report and recommendation as to disposition, pursuant to LR 72.1.

### Background

After a jury trial in the New Hampshire Superior Court (Hillsborough County, Southern District ("HCSCS")), Bourdon was convicted of attempted murder, criminal restraint, simple assault, first-degree assault, and criminal threatening. Broadly speaking, the charges against Bourdon arose from an

altercation in which he struggled with two teenagers ("Scott" and "Dylan"), both of whom sustained knife wounds during the altercation. Bourdon was sentenced, in the aggregate, to a stand-committed prison term of 22½ to 50 years.

Bourdon appealed his convictions and sentence to the New Hampshire Supreme Court ("NHSC"). His direct appeal was stayed while he litigated a motion for a new trial in the HCSCS.

In that motion for a new trial, Bourdon alleged that he received ineffective assistance from his trial counsel. The Superior Court appointed Attorney Theodore Barnes to represent Bourdon in that post-trial proceeding, and counsel filed an amended motion for a new trial on Bourdon's behalf. The HCSCS denied the motion for a new trial on July 16, 2014, see State v. Bourdon, No. 226-2011-cr-00458 (N.H. Super. Ct., Hillsborough Cty. S. July 16, 2014) ("2014 HCSCS Order I"), and, on August 20, 2014, denied Bourdon's motion for reconsideration, also filed by Attorney Barnes, see id. (N.H. Super. Ct., Hillsborough Cty. S. Aug. 20, 2014) (Doc. No. 14-3) ("2014 HCSCS Order II").

Attorney Barnes, on Bourdon's behalf, filed a notice of discretionary appeal of the 2014 HCSCS Orders in the NHSC, arguing that:

- Bourdon's trial counsel provided ineffective assistance by failing to obtain a transcript of Bourdon's bail hearing;

2

- Bourdon's trial counsel provided ineffective assistance by failing to cross-examine the "primary witnesses" with prior inconsistent statements;

- Bourdon's trial counsel provided ineffective assistance by failing to highlight the lack of blood in the room in which Scott and Dylan were wounded;

- Bourdon's trial counsel provided ineffective assistance by successfully objecting to the admission of hearsay testimony from one of the police officers, as to statements made by Dylan at the scene, thus preventing the jury from hearing Dylan's prior inconsistent statement; and

- the court considering Bourdon's motion for a new trial failed to properly manage the submission of evidence.

See Not. of App., State v. Bourdon, No. 2014-0608 (N.H., filed Sept. 18, 2014) ("2014 Notice of Appeal").  The NHSC declined to accept Bourdon's appeal of the 2014 HCSCS Orders.  See State v. Bourdon, No. 2014-0608 (N.H. Oct. 24, 2014).

Bourdon then moved pro se to reopen the post-trial proceedings in the HCSCS.  The HCSCS denied that motion to reopen, "for reasons stated in the State's objection."  Bourdon, No. 226-2011-cr-00458 (N.H. Super. Ct., Hillsborough Cty. S. Apr. 22, 2015) ("2015 HCSCS Order") (citing State's Obj. to Def.'s Mot. to Reopen H'g for a New Trial, id. (N.H. Super. Ct., Hillsborough Cty. S., filed Apr. 20, 2015))).  Bourdon then filed a pro se notice of discretionary appeal of the 2015 HCSCS Order denying the motion to reopen.  The NHSC declined to review

3

that order. See State v. Bourdon, No. 2015-0320 (N.H. July 10, 2015). The NHSC then lifted the stay in Bourdon's direct appeal and affirmed his conviction. See State v. Bourdon, No. 2013-0031, 2015 WL 11181919, at *1, 2015 N.H. LEXIS 104, at *1 (N.H. Aug. 28, 2015) (affirming conviction).

While Bourdon's discretionary appeal of the 2015 HCSCS Order was still pending, Bourdon filed a state habeas petition in Coos County Superior Court ("CCSC"), in which he asserted that Attorney Barnes's performance in litigating the motion for a new trial violated Bourdon's right to the effective assistance of post-conviction counsel. The CCSC ruled against petitioner and denied that state habeas petition "for the reasons . . . articulate[d]" in the respondent's objection. See Bourdon v. Goings, No. 214-2015-cv-00056 (N.H. Super. Ct., Coos Cty. Aug. 17, 2015) (Doc. No. 14-4) ("2015 CCSC Order") (citing Resp.'s Obj. to Def.'s Pet. (Doc. No. 15-14, at 1-6)).

Bourdon next filed a notice of discretionary appeal in the NHSC of the 2015 CCSC Order denying his state habeas petition. The NHSC declined to accept Bourdon's discretionary appeal of that order. See Bourdon v. Warden, No. 2015-0551 (N.H. Oct. 26, 2015).

Petitioner filed this action on April 20, 2015. The matter here was stayed in June 2015, pending the final resolution of

4

Bourdon's various actions in state court.  See June 3, 2015 Order (Doc. No. 6).

The May 13, 2016 Order (Doc. No. 16) in this case lifted the stay in the § 2254 petition.  In that order, this court identified the claims asserted by Bourdon that remain in this case, and directed "respondent to file an answer or other response to the petition, and, in particular, to address whether each claim identified by the court in this Order has been exhausted."  Order (Doc. No. 16), at 7.  Presently pending in this matter are the following Sixth Amendment ineffective assistance of trial counsel claims:

> 1. Bourdon's trial counsel, Attorneys Eleftheria Keans and Joseph Tessier, failed to investigate issues relating to Bourdon's case and were otherwise unprepared for trial, in that they:
>
>> A. did not obtain or review the contents of the bail hearing transcript;
>>
>> B. did not interview key witnesses, including the first responders (EMTs);
>>
>> C. did not obtain or review a recording of Dylan's conversation with the 911 operator; and
>>
>> D. did not consult with medical experts or otherwise adequately investigate issues regarding the nature and severity of the victims' wounds.
>
> 2. Bourdon's trial counsel did not challenge the sufficiency of the charging documents, which inaccurately characterized Scott's abdominal wound as a "stomach bleed."

3.      Bourdon's trial counsel did not object to the prosecutor's opening statement, which mischaracterized the evidence of the extent and severity of the victims' wounds.

4.      Bourdon's trial counsel's opening statement did not raise Bourdon's theory of the case, that the stabbing happened during a struggle, and that Bourdon acted in self-defense.

5.      Bourdon's trial counsel did not adequately cross-examine or impeach the state's witnesses, as follows:

   A.   Dylan, using his prior inconsistent statements;

   B.   Scott, using his prior inconsistent statements;

   C.   Detective Lee, using his prior statements;

   D.   Detective Anderson;

   E.   Carlos Blanco; and

   F.   Beverly Trevino.

6.      Bourdon's trial counsel did not object to or otherwise challenge misleading and unduly prejudicial evidence regarding the severity of the victims' wounds and the circumstances relating to the incident, in that counsel:

   A.   failed to object to the admission of evidence referring to Scott's abdominal wound as a "stomach bleed";

   B.   failed to object to Scott's courtroom presentation of his scar;

   C.   failed to object to the admission in evidence of the EMT report; and

   D.   failed to object to the admission in evidence of the hospital photos of the victims.

7.      Bourdon's trial counsel did not adequately prepare Bourdon to testify when they failed to ensure that Bourdon understood the evidence regarding the nature and severity

of the victims' wounds.

8.   Bourdon's trial counsel did not present any expert testimony to rebut evidence regarding the size of the knife and the severity of the victims' wounds.

9.   Bourdon's trial counsel did not call the EMTs as witnesses to testify regarding the size of the knife and the severity of the victims' wounds.

10.  Bourdon's trial counsel did not object to prosecutorial misconduct, where:

   A.   the prosecutor's closing argument mischaracterized the evidence and testimony of witnesses regarding the circumstances of the assault and the nature and severity of the victims' wounds;

   B.   the prosecutor in his closing argument vouched for the credibility of Dylan's testimony regarding the circumstances of the assault;

   C.   the prosecutor knowingly relied on perjured testimony from Scott, regarding the circumstances of the assault and the severity of the wounds, to obtain a conviction; and

   D.   the prosecutor knowingly relied on perjured testimony from Dylan, regarding the circumstances of the assault and the severity of the wounds, to obtain a conviction.

11.  Bourdon's trial counsel failed to subject the prosecutor's case to meaningful adversarial testing at critical stages of the case.

12.  Bourdon's lead trial counsel, Attorney Tessier, acted under an actual conflict of interest, and failed to disclose that conflict, which adversely affected his representation of Bourdon, as Attorney Tessier wanted to be a prosecutor and never disclosed that fact.

In her summary judgment motion, respondent argues that summary judgment is proper on the merits as to all of the claims

currently pending in this action. She also argues that petitioner has not exhausted his available state remedies as to a number of those claims, including Claims 1(C), 2, 5(D)-(F), 6(B)-(D), 10(A)-(B). Petitioner maintains that he has exhausted his state remedies, and he seeks summary judgment on the merits of all of his claims.

## Discussion

### I. Exhaustion Standard

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To demonstrate exhaustion, "'a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim.'" Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). To exhaust the remedies available in state court, "a petitioner must have tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Jaynes v. Mitchell, 824 F.3d 187, 192 (1st Cir.) (citation omitted), cert. denied, 137

8

S. Ct. 312 (2016). Moreover, the petitioner must have presented his federal claim to the highest court in the state system, Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010), which in New Hampshire is the NHSC.

## II. Unexhausted Claims

### A. Claims 1(C), 6(C), 10(A)-(B)

Petitioner contends that he presented Claims 1(C), 6(C), and 10(A)-(B) to the NHSC. No mention of those claims, however, appears in any of petitioner's four notices of appeal, in the underlying Superior Court orders, or in the state's memoranda incorporated by reference in those orders. Thus, Bourdon has not exhausted those claims. See Janosky, 594 F.3d at 50.

### B. Claims 2 and 6(D)

Bourdon argues that he exhausted his state remedies on Claims 2 and 6(D) by briefing them in his state habeas petition. Bourdon did not, however, raise those issues in the notice of appeal he filed with the NHSC after his state habeas petition was denied, and he did not attach his state habeas petition to that notice of appeal. Neither the 2015 CCSC Order, nor the state's objection to the state habeas petition which the order incorporated by reference, specifically addresses those issues. Bourdon did not raise the issues asserted in Claims 2 and 6(D) in any of his other three notices of appeal. Thus, petitioner

has not exhausted those claims.  See id.

    C.    Claims 5(D)-(F)

Claims 5(D)-(F) assert that trial counsel's cross examination of Anderson, Blanco, and Trevino was substandard and prejudicial to Bourdon.  Bourdon argues that he exhausted those claims in the NHSC and in his pro se state habeas petition, by arguing broadly that trial counsel failed to subject the prosecutor's case to meaningful adversarial testing, see Cross Mot. for Summ. J. (Doc. No. 31) at 37-38, 40-41.  Bourdon further contends that he asked Attorney Barnes to raise that issue, but that counsel failed to do so on his behalf.  Id.

None of the pro se notices of appeal, the Superior Court orders at issue in those notices of appeal, or the state's briefs incorporated by reference in those underlying orders, includes any discussion of trial counsel's cross-examination of Trevino, Blanco, or Anderson.  Furthermore, it is evident that Attorney Barnes did not exhaust Claims 5(D)-(F) on Bourdon's behalf; in the 2014 Notice of Appeal, counsel sought NHSC review of a claim challenging the cross examination of the state's "primary witnesses," which the context shows are Dylan and Scott, see 2014 Notice of Appeal ¶¶ 1-3, at 7-8.  Bourdon's assertion in his appeals to the NHSC of claims challenging the cross examination of Dylan and Scott, and the alleged failure of

trial counsel to subject the state's case to meaningful adversarial testing, were not presented in a manner calculated to alert a reasonable jurist on the NHSC to the existence of a separate, specific Sixth Amendment ineffective assistance of counsel claim, relating to the cross-examination of Anderson, Blanco, or Trevino. Accordingly, Bourdon has not exhausted the state court remedies on Claims 5(D)-(F). See Jaynes, 824 F.3d at 192.

    D.    Claim 6(B)

Petitioner states in Claim 6(B) that his trial counsel provided him with ineffective assistance by failing to object to the courtroom presentation of Scott's scar. Petitioner contends that he fairly presented this issue to the state courts in his state habeas corpus petition. Specifically, Bourdon contends that he exhausted Claim 6(B) in the context of arguing that Attorney Barnes failed to raise a claim of "prosecutorial misconduct for knowingly allowing the alleged victims to give false testimony." Pet'r's Cross Mot. for Summ. J. (Doc. No. 31), at 48.

The issue that Bourdon raised in his state habeas petition was the ineffective assistance of post-conviction counsel, Attorney Barnes, for failing to brief a question of prosecutorial misconduct, not the ineffective assistance of his

11

trial counsel. Further, the trial conduct underlying the misconduct claim advanced in the state habeas petition was the prosecutor's alleged introduction of perjured testimony, not the prosecutor's presentation of Scott's scar to the jury. Bourdon did not raise the issue underlying Claim 6(B) in any of his notices of appeal to the NHSC, and no discussion of that claim appears in either the underlying Superior Court orders or the briefs incorporated by reference in those orders. Thus, Bourdon has not exhausted Claim 6(B). See Janosky, 594 F.3d at 50.

**III. Remaining Claims**

   A.   Claims 1(A), 3, 5(A)-(C), 7, 10(C)-(D), 11

   Respondent concedes that Bourdon has exhausted his state remedies on Claims 1(A), 3, 5(A)-(C), 7, 10(C)-(D), and 11. The record supports a finding that those claims have been exhausted.

   B.   Claims 1(B), 4, 6(A), 8, 9, 12

   Respondent contends that Bourdon did not exhaust state remedies as to Claims 1(B), 4, 6(A), 8, 9, and 12. Bourdon litigated the issues underlying those claims in Superior Court, and filed pro se notices of appeal of those orders. Those Superior Court orders addressed the merits of Claims 1(B), 4, 6(A), 8, 9, and 12; discussed closely-related claims; or incorporated by reference the reasoning of state briefs filed in Bourdon's post-trial proceedings, explicitly rejecting such

claims on the merits.  Considering that Bourdon litigated all but one of those post-trial proceedings pro se, and described the issues on appeal in each proceeding in a manner that appears intended to incorporate the issues raised in prior proceedings by reference, it is a close question as to whether state remedies on those claims were exhausted.  Recognizing that courts reviewing pro se pleadings may construe those pleadings liberally, and that the exhaustion inquiry in certain circumstances may include reference to matters in the state court record other than the notice of appeal, cf. Janosky, 594 F.3d at 50-51 & n.4 (discussing Barresi v. Maloney, 296 F.3d 48 (1st Cir. 2002), and declining to conclude that Baldwin v. Reese, 541 U.S. 27, 32 (2004), abrogates Barresi)), this court cannot conclude as a matter of law that a reasonable jurist would not have been alerted to the existence of Claims 1(B), 4, 6(A), 8, 9, and 12, under the circumstances.  Accordingly, to the extent respondent seeks summary judgment in this matter on the basis that Claims 1(B), 4, 6(A), 8, 9, and 12 are not exhausted, summary judgment on that ground is properly denied at this time.

## IV. Availability of State Remedies

In a motion to lift the stay in this case, Bourdon argued that he believed he had used all procedures available under

state law to raise his claims, and that further state litigation would be futile. See Doc. No. 14, at 2. The Superior Court and NHSC orders in the record do not expressly state that Bourdon is barred from litigating any additional ineffective assistance of counsel claims in the state courts at this point. This court declines to speculate as to whether the state courts would nevertheless deem Claims 1(C), 2, 5(D)-(F), 6(B)-(D), and 10(A)-(B) to be waived in the state courts, as a matter of state law. Moreover, this court cannot conclude that further litigation and development of those claims in the state courts would be futile. Accordingly, Bourdon has not carried his burden of showing that there are no effective state remedies available to him as to those claims.

## V.  Mixed Petition

Bourdon's § 2254 petition contains both exhausted and unexhausted claims, and is thus properly characterized as a "mixed" petition. Mixed petitions are subject to dismissal without prejudice. Rosa v. Gelb, 152 F. Supp. 3d 26, 28 (D. Mass. 2015) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).

A petitioner may avoid dismissal of a mixed petition by moving to amend the petition to forego all of the unexhausted claims, leaving only the exhausted claims in this matter. See Rhines v. Weber, 544 U.S. 269, 277 (2005). A petitioner who

14

foregoes unexhausted claims may lose the opportunity to obtain any federal habeas review of those claims in the future, as 28 U.S.C. § 2244(b) places limits on a petitioner's ability to litigate claims in second or successive petitions.

In the alternative, a petitioner who has filed a mixed petition may file a motion to stay that petition in federal court pending the exhaustion of available state remedies as to the claims that have not yet been exhausted.  See Rhines, 544 U.S. at 277.  "[T]he 'stay and abeyance' method should only be available in instances where the petitioner can: 1) show good cause for failing to present the claims before the state court in the first instance, and 2) show that his unexhausted claims are not 'plainly meritless.'"  Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009) (quoting Rhines, 544 U.S. at 277).  A stay may be denied if good cause is lacking, or if the petitioner appears to have engaged in dilatory tactics, see Rosa, 152 F. Supp. 3d at 28.

While nothing before this court suggests that petitioner has engaged in any dilatory tactics, Bourdon cannot show good cause for renewing the stay in this case.  This matter was previously stayed for ten months, while Bourdon litigated state post-conviction proceedings.  Nothing in the record before this court suggests any reasons why Bourdon could not have squarely

15

presented and litigated Claims 1(C), 2, 5(D)-(F), 6(B)-(D), 10(A)-(B) in both the Superior Courts and the NHSC, along with all of the other claims he did litigate, either before he filed this case or during the stay allowed by this court. Without showing good cause for failing to exhaust previously each of the claims asserted here, Bourdon cannot obtain a new stay. See Rhines, 544 U.S. at 277.

Accordingly, the district judge should find that Bourdon's petition is a "mixed petition," and dismiss the petition on that basis, unless Bourdon moves to amend his petition to forego the unexhausted claims, acknowledging that in foregoing such claims now, Bourdon would lose the opportunity to seek relief on Claims 1(C), 2, 5(D)-(F), 6(B)-(D), and 10(A)-(B) in any future "second or successive" § 2254 petition, pursuant to 28 U.S.C. § 2244(b). Upon receipt of a motion to amend the petition to drop each unexhausted claim, the court would promptly consider the pending summary judgment motions, as to the remaining claims.

### Conclusion

For the reasons detailed above, the magistrate judge recommends that the district judge approve this Report and Recommendation (Doc. No. 35) and issue the following Order:

    1.   Bourdon has not exhausted his state remedies on

Claims 1(C), 2, 5(D), 5(E), 5(F), 6(B), 6(C), 6(D), 10(A), and 10(B).

2. Bourdon's petition is a mixed petition, containing both exhausted and unexhausted claims.

3. Granting Bourdon leave to file a motion to renew the stay of the § 2254 petition would be futile, as Bourdon is unable to demonstrate good cause for his failure, to date, to exhaust available state remedies on Claims 1(C), 2, 5(D), 5(E), 5(F), 6(B), 6(C), 6(D), 10(A), and 10(B).

4. Bourdon's petition will be dismissed, without prejudice, unless, within thirty days of the date of the Order approving the February 2017 Report and Recommendation (Doc. No. 35), Bourdon moves to amend his § 2254 petition to forego each unexhausted claim, specifically, Claims 1(C), 2, 5(D)-(F), 6(B)-(D), and 10(A)-(B).

5. Bourdon's motion to amend his petition must include an acknowledgment that in foregoing the unexhausted claims, Bourdon will lose the opportunity to seek relief on those claims in a second or successive habeas petition, under 28 U.S.C. § 2244(b).

6. The parties' summary judgment motions (Doc. Nos. 25 and 31) are taken under advisement, pending Bourdon's filing of a motion to forego each unexhausted claim, or the

expiration of the time in which Bourdon may file that motion. If Bourdon files a motion to forego the unexhausted claims, the court will promptly consider the merits of both summary judgment motions as to each claim remaining in this action. If Bourdon does not forego each of those unexhausted claims, the § 2254 petition will be dismissed without prejudice, and both summary judgment motions will be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 13, 2017

cc: Ronald Bourdon, pro se
    Elizabeth C. Woodcock, Esq.