**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Ronald Bourdon

    v.                                         Civil No. 15-cv-138-LM

Michelle Goings, Warden,
Northern New Hampshire
Correctional Facility

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Ronald Bourdon has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The February 13, 2017 Report and Recommendation ("February 13 R&R") (Doc. No. 35) recommends dismissal of Bourdon's § 2254 petition because it is a mixed petition containing both exhausted and unexhausted claims, unless Bourdon amends the § 2254 petition to forego the unexhausted claims identified in that R&R. Bourdon has responded to the February 13 R&R by asserting that he is innocent of attempted murder and first degree aggravated assault, the convictions at issue here. This Supplemental Report and Recommendation addresses issues raised in that response (Doc. No. 37). An Order issued this date grants Bourdon until May 30, 2017 to object to both the February 13 R&R and this Supplemental Report and Recommendation.

Assuming, without deciding, that a claim of actual innocence could provide grounds for this court to grant relief

on the merits of any unexhausted claims in a § 2254 petition without first requiring the claim to be exhausted, see Coningford v. Rhode Island, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (there "may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence"), this court turns to whether Bourdon's claims of innocence are of the type that could provide an exception to the exhaustion requirement in § 2254(b)(1)(A).  To access the "actual innocence" or "miscarriage of justice" exception, a petitioner must make "a credible showing of actual innocence." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013).  "Actual innocence" in this context, "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).  The actual innocence exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" in light of that new evidence. McQuiggin, 133 S. Ct. at 1933 (citation omitted).

   The only "new" evidence cited by Bourdon in connection with his claims for relief under § 2254 is the Emergency Medical Technician ("EMT") Report, which he asserts was not admitted into evidence at trial, and unspecified statements of the first responding EMTs, who were not called as witnesses at trial. Bourdon has claimed that the EMTs could have testified regarding

2

the size of the knife that caused the victim's wounds, and the severity of those wounds. As to the EMT Report, Bourdon does not describe the contents but baldly asserts that counsel at trial knew that the victim's statement in that report was a "total lie," and that the victim's "reason for lying was to get pain pills for his addi[c]tion." Such evidence does not show actual innocence, that it is more likely than not that no reasonable juror considering that evidence would have convicted petitioner. Accordingly, the district judge should not permit petitioner to avoid the exhaustion requirement, as petitioner has not stated a credible claim of actual innocence.

The Order issued this date extends the deadline for filing objections to this Report and Recommendation, pursuant to Fed. R. Civ. P. 72(b)(2). Such objections must be filed by May 30, 2017. That deadline may be extended upon motion. Failure to file specific written objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                        */s/ Andrea K. Johnstone*
                                        Andrea K. Johnstone
                                        United States Magistrate Judge

April 27, 2017

cc: Ronald Bourdon, pro se
    Elizabeth C. Woodcock, Esq.

3