UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ronald Bourdon

   v.                                    Civil No. 15-cv-138-LM

Michelle Goings, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

    Ronald Bourdon has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties filed cross motions for summary judgment on the petition. See Doc. Nos. 25, 31. The respondent's motion (Doc. No. 25) argues, among other things, that petitioner did not exhaust state remedies as to each claim asserted in the petition.

    This court's June 12, 2017 Order (Doc. No. 43) ("June 12 Order") concluded that Bourdon's petition was a mixed petition, as Claims 1(C), 2, 5(D), 5(E), 5(F), 6(B), 6(C), 6(D), 10(A), and 10(B) -- identified in the February 13, 2017 Report and Recommendation ("R&R") (Doc. No. 35) -- were unexhausted. In the June 12 Order, the court granted Bourdon thirty days to move to amend his habeas petition to drop the unexhausted claims, and stated that the court would dismiss Bourdon's petition without prejudice if he did not move to amend the petition to drop the

unexhausted claims within that time frame.  The court in the June 12 Order took under advisement the pending summary judgment motions (Doc. Nos. 25, 31), pending Bourdon's response.

Bourdon moved to reconsider the June 12 Order, see Mot. Recons. (Doc. No. 44), and that motion was denied in an Order issued July 12, 2017.  The thirty day period for Bourdon to drop the unexhausted claims expired on July 12, 2017, without Bourdon having filed a motion seeking to drop the unexhausted claims.

This court has issued prior rulings in this case establishing that:

1. Bourdon's § 2254 petition is a mixed petition, containing both exhausted and unexhausted claims;

2. Bourdon has not shown that state remedies are presently unavailable or ineffective as to each unexhausted claim;

3. Bourdon has not shown good cause for failing previously to exhaust his state remedies as to his unexhausted claims; and

4. Bourdon has not stated a credible claim of actual innocence which might exempt him from the exhaustion requirement.

See June 12, 2017 Order (Doc. No. 43) (approving Feb. 13, 2017 R&R (Doc. No. 35)); June 12, 2017 Order (Doc. No. 42) (approving

2

Apr. 27, 2017 Suppl. R&R (Doc. No. 39)).  A mixed petition, including both exhausted and unexhausted claims, is properly dismissed without prejudice.  See 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982).  Bourdon was advised by this court that he could abandon his unexhausted claims and proceed with his exhausted claims only, and he was further advised that if he chose not to drop the unexhausted claims, the court would dismiss the entire petition without prejudice.  See, e.g., Feb. 13, 2017 R&R (Doc. No. 35), approved by June 12, 2017 Order (Doc. No. 43).  Bourdon has not manifested any intent to drop the unexhausted claims.  Accordingly, the district judge should dismiss Bourdon's petition without prejudice.

### Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." § 2254 Rule 11(a).  Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable that the instant petition is a mixed petition subject to dismissal. Accordingly, the district judge should decline to issue a certificate of appealability in this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss Bourdon's § 2254 petition without prejudice and should not issue a certificate of appealability. The cross motions for summary judgment (Doc. Nos. 25, 31) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 18, 2017

cc: Ronald Bourdon, pro se
    Elizabeth C. Woodcock, Esq.