UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Ronald Bourdon

    v.                                  Civil No. 15-cv-138-LM
                                    Opinion No. 2018 DNH 229
Warden, Northern New Hampshire
Correctional Facility[1]


**O R D E R**

Before the court are petitioner Ronald Bourdon's post-judgment motions (doc. nos. 60, 61) to reopen this case and to reinstate Claim 13 in his § 2254 petition; and to stay this case until the New Hampshire Supreme Court issues a final order in State v. Bourdon, No. 2018-0540 (N.H., filed Sept. 27, 2018).

**Background**

This court on August 16, 2017 dismissed Bourdon's § 2254 petition without prejudice, finding that Bourdon had not exhausted his available and effective state remedies as to Claims 1(C), 2, 5(D), 5(E), 5(F), 6(B), 6(C), 6(D), 10(A), and 10(B) in the petition, and that he had neither demonstrated good cause for a stay, nor stated a credible claim of actual

---

[1]Bourdon filed this petition while Michelle Goings remained the Northern New Hampshire Correctional Facility warden. Goings no longer holds that position. The court has substituted the office of the warden as the respondent in the case caption.

innocence.  See Aug. 16, 2017 Order (doc. no. 47) (approving July 18, 2017 R&R (doc. no. 45)).  Judgment was entered on August 16, 2017 (doc. no. 48).

Bourdon has moved to reopen that judgment and to reinstate a claim (Claim 13) that this court dismissed in 2016, pursuant to 28 U.S.C. § 2254(i), before judgment was entered.  State court documents filed as exhibits to that motion to reopen, see doc. no. 60-1, indicate that Bourdon filed a new postconviction proceeding in Superior Court after the dismissal of this action, asserting a completely new claim of a Brady violation and a six of the claims raised in the 2254 petition (Claims 1(C), 2, 5(E), 5(F), 6(B), and 10(A)) that this court had found were previously unexhausted.[2]  Bourdon asserts that the Superior Court denied his motion for a new trial on August 3, 2018 and then denied his motion to reconsider on September 6, 2018.  Bourdon filed a notice of discretionary appeal as to those rulings, which remains pending.  See State v. Bourdon, No. 2018-0540 (N.H., filed Sept. 27, 2018).

---

[2]Bourdon appears to have abandoned Claim 6(C) as a ground for relief; Claim 6(C) was one of several claims this court previously found were unexhausted.  The parts of the state court record Bourdon has filed with his motion to reopen, see doc. no. 60-1, however, do not reveal whether Bourdon has abandoned or recently raised in the state courts the three remaining claims this court had found were unexhausted (Claims 5(D), 6(D), and 10(B)).

2

**Discussion**

I.  Motion to Reopen and Reinstate Claim 13 (Doc. No. 60)

   A.  Rule 60(b) Motion and Standard

This court construes Bourdon's motion to reopen and reinstate Claim 13 (doc. no. 60) as seeking to vacate the August 16, 2017 judgment (doc. no. 48), pursuant to Federal Rule of Civil Procedure 60(b), and to reopen the case.  Construed liberally, Bourdon's motion to reopen asserts that this court erred in finding that Bourdon lacked a viable gateway claim of actual innocence sufficient to overcome his failure to exhaust his state remedies as to all of the claims in his mixed petition.  Bourdon also asserts that the court erred in finding that Claim 13 was barred by 28 U.S.C. § 2254(i).

Rule 60(b) allows the court to relieve a party from a final judgment for reasons listed in subsections (1) through (6) of that rule.[3]  Relief under Rule 60(b) is "extraordinary," so that

---

[3]Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

a party seeking relief "must establish, at the very least, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside," he can "mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Rivera-Velázquez v. Hartford Steam Boiler Insp. & Ins. Co., 750 F.3d 1, 3-4 (1st Cir. 2014).

B. Rule 60(b)(1)-(3)

Although Bourdon's motion does not specify which part of Rule 60(b) he intends to invoke to vacate the judgment, Bourdon appears to rely on Rule 60(b)(1)-(3). Bourdon appears to be asserting claims of excusable neglect, newly discovered evidence, and/or respondent's misconduct as grounds for relief

---

        (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

        (4) the judgment is void;

        (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

under Rule 60(b)(1)-(3).[4]  Bourdon's Rule 60(b) motion to reopen was filed more than a year after the August 2017 entry of judgment, however, too late to obtain relief under those subdivisions of the rule.  See Fed. R. Civ. P. 60(c)(1).  Bourdon's motion is thus denied as untimely to the extent Bourdon intended to rely on the grounds specified in Rule 60(b)(1)-(3).

C.  Rule 60(b)(4)-(5)

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010); see also 11 Charles A. Wright, Arthur R. Miller et al., Fed. Prac. & Proc. Civ. § 2862 (3d ed.).  There is no error in this court's exercise of jurisdiction over Bourdon's claims pursuant to 28 U.S.C. §§ 2241 and 2254.  Bourdon has failed to show that he did

---

[4] Bourdon asserts that respondent in filing its answer in this action did not include a copy of a motion filed by his post-conviction counsel in the state courts which Bourdon asserts he needed to respond appropriately to respondent's dispositive motion, and that officers at the prison left his legal files in disarray after searching his cell, in a manner that impinged on his ability to litigate post-conviction proceedings in the state courts and in this court.

not receive due process in this case. Rule 60(b)(4) does not provide grounds for reopening the judgment here.

Rule 60(b)(5) applies where the underlying judgment has some prospective effect that has since been satisfied, released, or discharged, or where the judgment was based on an earlier judgment since vacated or reversed. See Fed. R. Civ. P. 60(b)(5). While the dismissal without prejudice has not prevented Bourdon from seeking to exhaust his state remedies and then seeking to refile a new petition here, none of this court's orders underlying the judgment required Bourdon to do so post-judgment.[5] His belated (as-yet incomplete) exhaustion efforts were not compelled by any order of this court. Accordingly, this court denies the motion to reopen the judgment at this time, to the extent Bourdon seeks relief under Rule 60(b)(5). See Brooks v. Williams, No. 2:10-cv-00045-GMN-LRL, 2013 WL 835973, at *2-*3, 2013 U.S. Dist. LEXIS 32618, at *6-*8 (D. Nev. Mar. 6, 2013) (petitioner's post-judgment exhaustion of state remedies, after federal court had dismissed petition without prejudice, did not provide grounds for reopening judgment).

---

[5]This court expresses no opinion at this time as to whether the statute of limitations would affect Bourdon's ability to litigate his claims successfully in a new petition filed under 28 U.S.C. § 2254.

6

D.   Rule 60(b)(6)

   1.   Standard

Rule 60(b)(6) is a catch-all provision for motions to reopen a judgment that do not raise issues encompassed by the other subdivisions of Rule 60(b). "Relief is available under subdivision (b)(6), however, only in 'extraordinary circumstances,'" Buck v. Davis, 137 S. Ct. 759, 772 (2017) (citation omitted), including, for example a risk of injustice to the parties, id. at 778-779 (citation omitted). Showing the existence of "'a good claim or defense' is a precondition of Rule 60(b)(6) relief." Id. at 780 (citation omitted); see also Rivera-Velázquez, 750 F.3d at 3.

   2.   Claim 13

Bourdon seeks to reopen the judgment specifically to relitigate whether Claim 13 is barred by 28 U.S.C. § 2254(i). See Dec. 29, 2016 Order (doc. no. 34) (approving Nov. 30, 2016 R&R (doc. no. 32)) (dismissing Claim 13). Section 2254(i) generally precludes this court from granting relief on the merits of claims asserting ineffective assistance of counsel in post-conviction proceedings. See 28 U.S.C. § 2254(i). Nothing asserted in Bourdon's motion to reopen calls into question this court's prior ruling, see Dec. 29, 2016 Order (doc. no. 34), that relief on Claim 13 is barred by section 2254(i).

7

Accordingly, this court declines to vacate the judgment to reinstate Claim 13 (doc. no. 60).

### 3. Actual Innocence

#### a. Standard

Bourdon seeks to avoid procedural impediments to his ability to obtain relief on the merits of his claims in his section 2254 petition by maintaining his actual innocence here. "[A]ctual innocence, if proved, serves as a gateway" through which a court may review the merits and grant relief on federal habeas claims that would otherwise be subject to procedural bars, like the procedural default rules. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Coningford v. Rhode Island, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (colorable claims of actual innocence may provide gateway for courts to issue relief on merits of unexhausted claims) (dicta).

To plead a "credible" claim of actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no

reasonable juror would have found [him] guilty beyond a reasonable doubt,'" if that evidence had been known at the time of the conviction.  Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted).  Gateway claims of actual innocence must show that a petitioner is factually innocent; it is not enough for a petitioner to establish the legal insufficiency of the inculpatory evidence.  Bousley v. United States, 523 U.S. 614, 623 (1998).

      b.    Impeachment Evidence

Bourdon relies on what he considers to be new impeachment evidence to support his present claim of actual innocence: specifically, an EMT report attached to his motion to reopen, see doc. no. 60-1, and a recording of the 911 call that summoned the EMTs to Bourdon's house after the wounded teenage victims ("Scott" and "Dylan") fled the premises.  Bourdon argues that jurors would not believe the victims' testimony regarding the stabbing: if the jurors had been able to compare the victims' testimony about re-entering the house to get their father out, and what Bourdon believes the 911 recording would show regarding their failure to re-enter the house after they had fled; and if the jurors had been aware of inconsistencies between Scott's statements to the EMTs regarding the size and type of knife ("butcher knife," approximately "5 to 8 inches" long) and its

9

depth of penetration ("to the hilt"), and the EMTs' observations regarding the width of the wound in his lower right side (2 to 3 inches wide) and the body parts visible and protruding from the wound (blood and "subcutaneous fat").  Bourdon characterizes those statements as evidence that Scott was seeking pain pills for his addiction by exaggerating the nature of his stab wound, and he argues specifically that the impeachment evidence would have drawn into question the victims' testimony that Bourdon considered necessary for his attempted murder and first degree assault convictions.

Impeachment evidence of the type highlighted by Bourdon is generally deemed to provide an inadequate basis for proving actual innocence.  See Conlan v. Hazlewood, No. 17-CV-181-JL, 2017 WL 6464713, at *4 (D.N.H. Nov. 7, 2017) (citing Holt v. Stirling, No. CV 6:15-4865-TMC, 2017 U.S. Dist. LEXIS 42904, at *10, 2017 WL 1105064, at *4 (D.S.C. Mar. 24, 2017) (citing, e.g., Sawyer v. Whitley, 505 U.S. 333, 349 (1992) ("This sort of latterday evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions."), R&R adopted, No. 17-CV-00181-JL, 2018 WL 2303100 (D.N.H. May 21, 2018).  Bourdon's case is not exceptional in this regard.

While it may be possible that inconsistencies between Scott's statements and the EMTs' observations could cast doubt on the accuracy of Scott's self-described condition, the size or type of knife, or how far up it penetrated, such evidence would not preclude any reasonable juror from finding Bourdon's guilt based on the doctors' trial testimony regarding the nature and extent of Scott's wound; other evidence in the record that corroborated details of the victims' narratives, including their consistent testimony that Bourdon had been drinking and became enraged when he accused them of stealing his laptops; evidence regarding Bourdon's resisting arrest at the scene and his inculpatory statements to the police ("I did what I had to do. Put me in jail for the rest of my life; I don't care."); and Bourdon's failure to state contemporaneously to the police that he had acted in self-defense, the defense he presented at trial. Furthermore, much of what Scott is alleged to have said to the EMTs regarding the knife and its depth of penetration came before the jury when they heard the testimony of the surgeon who operated on Scott, who recalled that Scott continued to report about the knife and his wound upon his arrival at Brigham and Women's Hospital. Neither the EMT report nor Bourdon's speculation regarding the 911 call is the type of "new" reliable "exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence," which could establish factual innocence. Schlup, 513 U.S. at 324. Bourdon has not shown that the judgment should be reopened under Rule 60(b)(6) based on a claim of actual innocence.

II. Motion to Stay (Doc. No. 61)

Bourdon has moved to stay this petition pending a ruling in State v. Bourdon, No. 2018-0540 (N.H., filed Sept. 27, 2018). In light of this Order's denial of Bourdon's motion to reopen the judgment (doc. no. 60), Bourdon's motion to stay this case (doc. no. 61) is denied as moot.

## Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." § 2254 Rule 11(a).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the grounds for denying Bourdon's post-judgment motions (doc. nos. 60, 61) are procedural. Reasonable jurists

would not debate whether Bourdon's claim of actual innocence is credible, whether Claim 13 falls within the scope of 28 U.S.C. § 2254(i), whether the section 2254 petition remains a mixed petition including both exhausted and unexhausted claims, or whether Bourdon's motions (doc. nos. 60, 61) otherwise warrant an order vacating and reopening the judgment and then staying this case until the New Hampshire Supreme Court case is ended. Accordingly, the court declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the court denies the motion to reopen the judgment and to reinstate Claim 13 (doc. no. 60); denies the motion to stay (doc. no. 61) as moot; and declines to issue a certificate of appealability.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

November 20, 2018

cc: Ronald Bourdon, pro se
 Elizabeth C. Woodcock, Esq.